# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DWAYNE D. MONTGOMERY,**

    **Plaintiff,**

**vs.**                              **CASE NO.: 4:21-cv-00225-MW-MAF**

**WALT MCNEIL,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 4. The Court reviewed the complaint, found it legally insufficient, and entered an order directing Plaintiff to file an amended complaint by **July 7, 2021**. ECF No. 5. To date, Plaintiff has failed to do so. For the reasons stated below, Plaintiff's complaint should be DISMISSED.

**I.   Plaintiff's Complaint, ECF No. 1.**

Plaintiff sues Sheriff Walt McNeil, the Leon County Sheriff's Office, and Detective C. Wilson on page 1 of the complaint; however, on pages 2 and 3, Plaintiff sues only the Leon County Sheriff's Office in its official capacity and

Detective Wilson in his individual capacity. ECF No. 1. Plaintiff alleges that "the sheriff's office and Detective C. Wilson file[d] a friv[o]lous warrant" against him. ECF No. 1, p. 5. According to Plaintiff, the warrant was served upon him on October 4, 2019, while he was held in the Leon County Detention Center. Id. Plaintiff claims no judge signed the paperwork for the warrant. Id. On November 14, 2019, no information was filed in the case because the informant was "unavailable to testify and the evidence available for a successful in court prosecution is lacking." Id.

Plaintiff claims the statements made in the warrant are "slanderous" and "libelous per se under Florida Law" and, for support, cites to Klayman v. Judicial Watch, Inc. 22 F. Supp. 3d 1247 (S.D. Fla. 2014). Plaintiff raises no constitutional claims. As relief, Plaintiff seeks $150,000 for lost wages, mental stress from incarceration, legal fees, and the loss of his home and business. Id., p. 6. Plaintiff makes no requests for injunctive relief. Id.

## II. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks

and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause

of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiff names three defendants on the style page of the complaint (Sheriff Walt McNeil, Leon County Sheriff, and Detective C. Wilson); however, in Section I, entitled "Parties to this Complaint," Plaintiff only names two defendants (the Leon County Sheriff's Office and Detective C. Wilson). Plaintiff brings forward claims but provides no set of facts for any acts or omissions attributable to Defendants. Plaintiff's general allegation that the "the sheriff's office and Detective C. Wilson" filed a "frivolous warrant" because "no judge sign[ed] it," without more fails to properly state a claim. Plaintiff presents no set of facts describing any act or omission by Sheriff McNeil and does not state whether he intends to sue the sheriff in his individual- or official capacity or both capacities.

Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient. Plaintiffs are ordinarily permitted an opportunity to amend a complaint prior to dismissal; but Plaintiff failed to comply with the Court's order. Still, an amendment would be futile for the reasons stated below.

### III. Slander and Defamation Claims

The law is well settled that a Section 1983 action cannot be predicated upon the theory of slander, defamation, or libel alone. Paul v. Davis, 424 U.S. 693 (1976); Charles v. Scarberry, 340 F. App'x 597, 599-600 (11th Cir. 2009) ("[C]laims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action."). To state a claim under § 1983 based on statements by government officials, a plaintiff must first allege a common law defamation claim and then allege a constitutional injury flowing from the defamatory statement. Rehberg v. Paulk, 611 F.3d 828, 851-52 (11th Cir. 2010). Injury to reputation alone does not constitute a deprivation of a liberty or property interest protected under the Fourteenth

Amendment. Id. (citing Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005). "Damages to a plaintiff's reputation 'are only recoverable in a section 1983 action if those damages were incurred as a result of government action significantly altering the plaintiff's constitutionally recognized legal rights.'" Id. (quoting Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1438 (11th Cir. 1998)). This is known as the stigma-plus test and requires the plaintiff to "show both a valid defamation claim (the stigma) and 'the violation of some more tangible interest' (the plus)." Id. (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001) and Behrens, 422 F.3d at 1260).

To establish a cause of action for defamation, a plaintiff must show: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008).

Here, Plaintiff does not allege any constitutional violation by defendants. Plaintiff suggests that the "statement," referring to the warrant, is "slanderous" and "libelous per se" only because it alleges Plaintiff committed a felony. ECF No. 1, p. 6. Furthermore, it is unclear how Plaintiff's

lost wages or employment stem from the alleged action when he admits the arrest warrant was executed while he was already incarcerated.

## IV. Respondeat Superior

Plaintiff attempts to raise claims against Sheriff McNeil and the Leon County Sheriff's Office under a theory of vicarious liability or respondeat superior are futile because, ordinarily, a Section 1983 action will not support such a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 675-76 (2009). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Here, Plaintiff's complaint contains no allegations that it was a departmental policy or custom that caused any defendant to engage in the filing of a frivolous warrant. More importantly, Plaintiff fails to attribute any set of facts to the Sheriff's Office or Sheriff McNeil. At best, Plaintiff alleges

his experience as a random or isolated act. Therefore, any claims based on a theory of respondeat superior should be DISMISSED.

## V.    Mental and Emotional Injury

Title 42 U.S.C. § 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

The Eleventh Circuit has determined that the phrase "'federal civil action' means all federal claims, including constitutional claims." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).

Section 1997e(e) is an affirmative defense but comes within the purview of the district court's screening under the PLRA where the allegations of the complaint show that it would bar recover. Jones v. Bock, 549 U.S. 199, 215 (2007); Douglas v. Yates, 535 F.3d 1316, 1320-21 (11th Cir. 2008).

Here, Plaintiff fails to allege any physical injury whatsoever; therefore, Plaintiff's claims for mental and emotional damages should be DISMISSED.

## VI. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed when Plaintiff has failed to comply with Court's order directing him to amend. Moreover, the Court warned that dismissal would be recommended.

## VII. Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint, ECF No. 1, be DISMISSED because it is an impermissible shotgun pleading or otherwise fails to properly state a claim and for failure to comply with Court

orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on July 14, 2021.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).